FRANCES LEVENTRITT, Respondent-Appellant, v SOTHEBY'S, INC., Appellant-Respondent. [773 NYS2d 60]—

Order, Supreme Court, New York County (Edward Lehner, J.), entered April 7, 2003, which, in an action by an art collector against an art gallery, granted defendant's motion to dismiss the complaint to the extent of dismissing the first cause of action, unanimously modified, on the law, to dismiss the second cause of action, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

The first cause of action, which seeks, inter alia, a declaration that the subject painting is authentic and to restrain defendant from refusing to sell it at public auction on the ground that it is not authentic, is barred by the four-year statute of limitations governing sales (UCC 2-725 [1]). The cause of action accrued in 1969 upon defendant's predecessor's refusal to sell the painting

at public auction on the ground that it is not authentic, and the action was not commenced until 2002. A new cause of action did not arise in 2002 when defendant itself, which never agreed to sell the painting in the first place and also appears to be a mere continuation of its predecessor, also refused plaintiff's request to sell the painting on the ground that it is not authentic. The second cause of action, which seeks to recover for damage to the painting while in the possession of defendant or its predecessor between 1969 and 2002, is time-barred as well. A bailment of the painting was created in 1969 when plaintiff entrusted it to defendant's predecessor for the purpose of selling it at auction (*see Martin v Briggs*, 235 AD2d 192, 197 [1997]). The bailment ended when defendant's predecessor refused to sell the painting on the ground that it is not authentic (*see id.* at 197-198, citing 9 NY Jur 2d, Bailments and Chattel Leases § 136). At that point, plaintiff was not free to treat the bailment as continuing, but was required to pursue her remedy (*see id.*). Her failure to do so for more than three or six years—in this case, over 30 years—bars any claim she may have, including that asserted for property damage to the painting, dependent upon a superior right of possession (CPLR 213 [2]; 214 [3], [4]). Concur—Andrias, J.P., Williams, Lerner, Friedman and Marlow, JJ.