Order, Supreme Court, New York County (Milton A. Tingling, J.), entered January 22, 2013, which granted defendant’s motion for summary judgment dismissing the complaint, and denied plaintiffs cross motion for summary judgment as to liability, unanimously modified, on the law, to deny defendant’s motion, and otherwise affirmed, without costs.
Plaintiff alleges that in January 1998 he purchased certain wine futures on condition that, when they were delivered to defendant, defendant would store them for him until he was able to take delivery. He asserts that he knew he would be working abroad for an extended period of time and would not be able to take delivery until his return, and that therefore he relied on defendant’s agreement to hold the futures for him in deciding to make his purchase. In November 1999, defendant sent a letter to plaintiff and other purchasers notifying them that their wine futures had been received and would be shipped pursuant to directions, or held until spring. Plaintiff did not respond to the letter, and defendant never contacted him again concerning his wine futures.
In February 2010, plaintiff contacted defendant to arrange for delivery. Defendant denied knowledge of the transaction and of any agreement to hold plaintiffs wine futures, and asserts that it no longer has the wine futures in its possession. Plaintiff presented proof of his purchase, and, shortly after his demand was refused, commenced this action alleging breach of a bailment relationship. Defendant moved to dismiss the complaint as time-barred and on the ground of loches, presenting proof that its ability to defend the claim had been prejudiced by the delay.
Since the bailment cause of action did not accrue until plaintiffs demand for his wine futures was refused, the action was timely commenced under any applicable statute of limita *599 tians (see Leventritt v Sotheby’s, Inc., 5 AD3d 225 [1st Dept 2004], lv denied 3 NY3d 605 [2004]; CPLR 213 [2]; 214 [3], [4]). However, an issue of fact exists whether plaintiff’s delay in making the demand upon defendant was reasonable (see Rahanian v Ahdout, 258 AD2d 156, 159 [1st Dept 1999]; Martin v Briggs, 235 AD2d 192, 198 [1st Dept 1997]). Defendant contends that the delay of more than 10 years was unreasonable as a matter of law, and has demonstrated that the delay prejudiced its ability to defend the suit. However, plaintiffs affidavit concerning the parties’ understanding raises an issue of fact as to the reasonableness of his delay. Thus, neither party is entitled to summary judgment.
Issues of fact concerning the reasonableness of plaintiff’s delay similarly preclude summary judgment on defendant’s loches defense (see Solomon R. Guggenheim Found, v Lubell, 77 NY2d 311, 321 [1991]; Martin, 235 AD2d at 199). Concur— Tom, J.P, Renwick, Richter, Feinman and Gische, JJ.